UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANITA DRIVEN,

        Plaintiff,

   v.

J. BUCKS,

        Defendant.

Case No. 06-cv-764-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a variety of motions of plaintiff Anita Driven ("Driven").

**I.   Motion for Leave to Proceed *in forma pauperis* (Doc. 2) and Motion for Service of Process at Government Expense (Doc. 4)**

Driven asks the Court to allow her to proceed in this case *in forma pauperis* and to order the United States Marshal Service to serve her complaint on defendant J. Bucks. A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Driven's affidavit that she is indigent. Furthermore, the

Court does not find anything in the file to indicate that this action is frivolous or malicious. Therefore, the Court **GRANTS** the motion to proceed *in forma pauperis* without prepayment of fees and costs (Doc. 2). The Court notes, however, that should it become apparent that the action is frivolous or malicious at any time in the future, it may dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court further notes that because the Court has authorized to proceed *in forma pauperis*, under Federal Rule of Civil Procedure 4(c)(2), it must appoint an agent to serve process for her. Accordingly, the Court **GRANTS** Driven's motion for service of process at government expense (Doc. 4) and **APPOINTS** the United States Marshal to serve process in this case. Accordingly, the Court **DIRECTS** the plaintiff to provide to the United States Marshal Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(2), to serve a copy of summons, complaint and this order upon the defendant in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff. Costs of service shall be borne by the United States.

**II.     Motion for Appointment of Counsel (Doc. 3)**

Driven asks the Court to appoint her counsel in this case. Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an

appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. United States District Court*, 490 U.S. 296 (1989). The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this Court are obligated to accept appointments, provided an appointment is not made more than once during a 12-month period. Local Rule 83.1(i).

In deciding the request for counsel, the Court should consider all relevant information with emphasis on the following factors:

(1) plaintiff's diligence in attempting to secure counsel;

(2) the apparent merit of plaintiff's claim;

(3) plaintiff's ability to investigate crucial facts;

(4) the extent to which the skill of an attorney is needed to ensure truthful exposure of the facts;

(5) plaintiff's ability to manage the litigation and present his case; and

(6) the complexity of the issues.

*Jackson*, 953 F.2d at 1071-73; *McNeil v. Lowney*, 831 F.2d 1368, 1371-2 (7th Cir. 1987); see *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

Plaintiff has not addressed any of the relevant circumstances in her motion. Accordingly, the Court **DENIES** the motion (Doc. 3) **without prejudice** to filing another motion addressing the relevant circumstances.

**IT IS SO ORDERED.**
**DATED: October 16, 2006**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**